UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| **Terminated** Plaintiff/Interpleader, | ) ) ) |
| v. | ) No. 1:19-cv-03994-JMS-MPB ) |
| DEMETRIUS WARREN, RITA WOODS, REBECCA LAY, | ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on *pro se* Defendant Rita Woods and *pro se* Defendant Rebecca Lay's separate motions for summary judgment (Docket No. 31, Docket No. 32). These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) to conduct any necessary hearings and to issue a report and recommendation regarding the proper disposition of the motions for summary judgment. (Docket No. 37). For the following reasons, the undersigned **RECOMMENDS** Wood's and Lay's motions be **granted**.

**I.     BACKGROUND**

Metropolitan Life Insurance Company ("MetLife") initiated this action by filing a Complaint in Interpleader on September 23, 2019. (Docket No. 1). The decedent Janice Warren (the "Decedent") had Basic Life Insurance and Optional Life Insurance coverage under the GM Life and Disability Benefits Program (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Motors LLC. The Decedent, a former employee of General Motors, died on September 3, 2018. (Docket No. 1-2).

At that time of her death, the Decedent had Basic Life Insurance coverage under the Plan

1

in the amount of $20,081, and Optional Life Insurance coverage in the amount of $50,000. (Docket No. 1 at ECF p. 2). MetLife paid 100% of the Basic Life Insurance and 60% of the Optional Life Insurance to Demetrius Warren, her son. (*Id.*). These payments are uncontested. Forty percent of the Optional Life Insurance in the amount of $20,000 remains in dispute.

At the time of the Decedent's death, the most recent beneficiary designation from June 17, 2005 (the "2005 Designation") designates, with respect to the Optional Life Insurance, Demetrius Warren (60%), Rita Woods (20%), and Rebecca Lay (20%). (Docket No. 1 at ECF p. 4). Woods and Lay are sisters of the Decedent. (Docket No. 1 at ECF p. 1). On August 14, 2018, prior to the Decedent's death on September 3, 2018, MetLife received a Group Term Life Insurance Beneficiary Designation form (the "2018 Form") purporting to name Demetrius Warren as the 100% beneficiary of Decedent's Basic Life Insurance and Optional Life Insurance coverage. (*Id.*). The form purportedly was signed in the Decedent's name but was not dated. (*Id.*).

The Group Insurance Certificate provides in Part V ("Applicable to Basic Life Insurance") as follows:

> Section B. Beneficiaries
>
> The Beneficiary is the person or persons designated by the Employee, on a form approved by the Insurance Company and filed with the records maintained in connection with the insurance under the Group Policy, to receive upon the Employee's death the amount of Basic Life Insurance then payable. The Employee may change the Beneficiary at any time by filing written notice thereof on such a form with the Employer or the Insurance Company. Consent of the Beneficiary shall not be requisite to any change of Beneficiary. . . . After receipt of such written notice by the Employer or the Insurance Company, the change shall relate back and take effect as of the date the Employee signed written notice of change, whether or not the Employee is living at the time of such receipt, but without prejudice to the Insurance Company on account of any payment made before receipt of such written notice.

(Docket No. 1-1 at ECF p. 6).

The Group Insurance Certificate provides in Part IX ("Applicable to Optional Life Insurance") as follows:

> Section F. Beneficiaries
>
> The Beneficiary is the person or persons designated by the Employee, on a form approved and filed with the records maintained by the Insurance Company in connection with the insurance under Group Policy No. 33600-G, to receive upon the Employee's death the amount of Optional Life Insurance then payable. Otherwise, the Optional Life Insurance is subject to the same provisions with respect to beneficiaries as are set forth under "Section B. Beneficiaries" in Part V hereof.

(Docket No. 1-1 at ECF p. 13).

On August 15, 2018, prior to the Decedent's death, MetLife sent a letter to the Decedent stating that the 2018 Form could not be processed because it was not dated. MetLife requested that the Decedent send another form to change the beneficiary, and stated "Please sign and date the last page (mm-dd-yyyy). The date must be the date the form was completed." (Docket No. 1 at ECF p. 4). Another beneficiary designation form was not received by MetLife prior to the Decedent's death.

Warren, Lay, and Woods submitted claims to MetLife on September 19, 2018, September 26, 2018, and November 17, 2018, respectively. (Docket No. 1 at ECF p. 4). On November 7, 2018, MetLife informed Warren that it would pay him 100% of the Decedent's Basic Life Insurance coverage and 60% of the Decedent's Optional Life Insurance coverage, but that it was denying his claim for the remaining 40% of the Decedent's Optional Life Insurance coverage in the amount of $20,000 (the "Proceeds"). Warren submitted an appeal of MetLife's determination and this interpleader followed.

On February 5, 2020, this court granted MetLife's motion to deposit funds and terminated the Plaintiff from this action leaving the Defendants to either settle or litigate this matter amongst

3

themselves. (Docket No. 13). On July 1, $23,873.97 was deposited into the Registry of the Court of which $20,000 was life insurance benefits (the "Proceeds") and the remaining portion was applicable interest, less MetLife's court costs. (Docket No. 25). On July 2, 2020, this court set a briefing schedule for dispositive motions requiring any party that wished to file a motion do so by August 14, 2020. (Docket No. 26). Woods and Lay filed motions. (Docket No. 31, Docket No. 32). Warren filed four affidavits without explanation or motion. (Docket No. 30).[1] The parties were notified of their right to respond. (Docket No. 34). Warren filed no response to Woods or Lay's motions.

## II.      SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith,. Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only where there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular

---

[1] Warren's filing is not construed as a Motion for Summary Judgment. Like the other *pro se* litigants Warren was notified of the requirements to file the motion during the July 1, 2020 telephonic status conference. The affidavits he filed were not accompanied by a motion. (Docket No. 30). It is well established that pro se litigants must comply with the Federal Rules of Civil Procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

4

issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007) (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

### III. ANALYSIS

A beneficiary has a right in the executed insurance contract. *Holland v. Taylor*, 111 Ind. 121 (1887). [2] The general rule in Indiana is that a change of beneficiary must be exercised in the manner provided in the policy. *Hoess v. Continental Assurance Co.*, 164 N.E.2d 125, 129 (Ind. Ct. App. 1960). A change of election will be enforced absent complete, strict compliance with the policy requirements, however, so long as "the insured has done everything in his power to effect such a change." *Cook v. Equitable Life Assurance Soc'y*, 428 N.E.2d 110, 115 (Ind. Ct. App. 1981); *Borgman v. Borgman*, 420 N.E.2d 1261, 1265 (Ind. Ct. App. 1981). Determinations of substantial compliance are generally reserved for the jury; however, a judge may appropriately grant summary judgment on a substantial compliance issue when the policyholder "clearly failed to comply substantially with the requirements for changing a beneficiary." *Minnesota Life Ins. Co. v. Kagan*, 724 F.3d 843, 852 (7th Cir. 2013) (citations omitted).

The 2018 Change Form did not strictly comply with the policy requirements.[3] The policy

---

[2] This court has previously addressed whether Indiana law or federal common law applies in such a scenario involving an ERISA plan and held that state law applies when interpreting the terms of the life insurance policy. *See Ellington v. Metropolitan Life Ins. Co.*, 696 F. Supp 1237 (S.D. Ind. Oct. 14, 1988) (citing *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724 (1985)).

[3] Since the Optional Life Insurance is disputed in this case, the undersigned limits the discussion to the 2018 Change Form's application to that policy.

5

stated that: "The Beneficiary [of the Optional Life Insurance Policy] is the person or persons designated by the Employee, on a form approved and filed with the records maintained by the Insurance Company[.]" (Docket No. 1-1 at ECF p. 13). On August 15, 2018, one day after MetLife received the 2018 Change Form, it advised the Decedent that it did not accept the 2018 Change Form because it was not dated.

This leads the court to consider whether the decedent "clearly failed to comply substantially with the requirements for changing a beneficiary" such that there is no genuine issue of a material fact. I find that the Decedent clearly failed to do everything in her power to effect such a change. Prior to August 14, 2018, the decedent had a proper beneficiary designation form on file from June 17, 2005. On August 14, 2018, the decedent sent the undated 2018 Form to MetLife. MetLife specifically informed the decedent that this form was not approved and did not constitute a change. Indeed, there was no date that the form, even if approved, could "relate back [to]" (See Docket No. 1-1 at ECF p. 6). MetLife required the change election form to be dated and the decedent was notified of this requirement. Under these facts, it is clear the decedent had not done everything in her power to effect the change.

## IV. CONCLUSION

In sum, the undersigned hereby **RECOMMENDS** that Defendants' Woods and Lays *Motions for Summary Judgment* (Docket No. 31, Docket No. 32) be **granted** and that the 2005 Designation control and Woods and Lay are each entitled to 50% of the remaining Optional Life Insurance Plan benefits, plus interest accrued.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED.**

Dated: 1/12/2021

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

DEMETRIUS WARREN
3643 Meadow View Dr.
Kokomo, IN 46901

RITA WOODS
2372 Central Park Drive N #100
Plainfield, IN 46168

REBECCA LAY
4405 Loring Road
Virginia Beach, VA 23456

Rachel H. Beattie
SMITH VON SCHLEICHER & ASSOCIATES
rachel.beattie@svs-law.com

Warren von Schleicher
SMITH von SCHLEICHER & ASSOCIATES
warren.vonschleicher@svs-law.com